## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

|  |  |
|---|---|
| RICHARD J. LAWLESS, | CASE NO. 5:21-CV-01938 |
| Petitioner, | JUDGE J. PHILIP CALABRESE |
| vs. | MAGISTRATE JUDGE AMANDA M. KNAPP |
| WARDEN LEON HILL, | **REPORT AND RECOMMENDATION** |
| Respondent. |  |

Petitioner Richard J. Lawless ("Petitioner" or "Mr. Lawless") brings this habeas corpus petition pursuant to 28 U.S.C. § 2254 based on his sentence and convictions for felonious assault, kidnapping, and abduction in Wayne County Court of Common Pleas Case No. 2015-cr-0206.  (ECF Doc. 1 ("Petition").)  He filed his Petition pro se on October 13, 2021.[1]  (*Id.*)

The matter was assigned to the undersigned Magistrate Judge pursuant to Local Rule 72.2.  The case is briefed and ripe for disposition.  (ECF Docs. 6 & 10.)  For the reasons set forth herein, the undersigned recommends that the Court **DISMISS** the Petition as untimely.

---

[1] The undersigned notes that the Petition is unsigned.  However, Mr. Lawless contemporaneously filed a civil cover sheet which bears his signature, dated October 3, 2021, and Respondent has not raised the lack of signature as a basis for dismissal.  Even if Respondent had raised the matter, the undersigned does not find dismissal on the basis that the Petition is unsigned to be necessary or warranted in this case.  *See, e.g., Simmons v. Woods*, No. 2:16-CV-10554, 2016 WL 6083745, at *3 (E.D. Mich. Oct. 18, 2016), aff'd, No. 16-2546, 2018 WL 618476 (6th Cir. Jan. 30, 2018) (explaining that, "a district court may refuse to file, or may even dismiss, an unsigned and unverified petition for writ of habeas corpus," but "the defect is one that district court may, if it sees fit, disregard") (citing *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990)); *Long v. Mays*, No. 2:17-CV-63-PLR-MCLC, 2019 WL 3769903, at *2 (E.D. Tenn. Aug. 9, 2019) (declining "to dismiss the petition" on the basis that it was not signed and proceeding to "consider the claims alleged") (citing *Miller v. Ludwick*, No. 10-cv-10237, 2015 WL 5697592, at *2 n.3 (E.D. Mich. Sept. 29, 2015), citing *Hendricks*, 908 F.2d at 491).

1

## I.    Factual Background

"In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct."  28 U.S.C. § 2254(e)(1).  The petitioner has the burden of rebutting that presumption by clear and convincing evidence.  *See id.*; *Railey v. Webb*, 540 F.3d 393, 397 (6th Cir. 2008).

The Ninth District Court of Appeals summarized the facts underlying Mr. Lawless's conviction and sentence as follows:

{¶ 2} The two victims in this case, S.D. and R.K., are recovering heroin addicts. At the time of the events giving rise to Mr. Lawless's convictions, S.D. and R.K. were both active users of heroin and Mr. Lawless was their supplier. Around that same time, Gary Hubbard, Jr., Director of the Medina County Drug Task Force, was the head of an organized crime investigation that was investigating Mr. Lawless's drug dealing activities in Ashland, Medina, and Wayne Counties. Pursuant to that investigation, search warrants were executed at multiple properties. Mr. Lawless suspected that S.D. and R.K. had "snitched" on him.

{¶ 3} Mr. Lawless's co-defendant, Michael Kouns, and S.D. lived at one of the properties that was searched. A couple of days after the searches, Mr. Kouns asked S.D. to go with him to a vacant unit in the building to talk "about everything that was going on." Mr. Lawless was waiting in that unit and threatened S.D with a gun. Mr. Kouns then used S.D.'s phone to text R.K., asking him to come over. When R.K. arrived, Mr. Lawless punched him and had Mr. Kouns bind him with duct tape. Mr. Lawless threatened R.K. with the gun and struck him multiple times with a bat.

{¶ 4} After Mr. Lawless ended his interrogation of S.D. and R.K., he threatened that he would kill them if they reported the incident to police. Initially, neither S.D. nor R.K. went to the police. But, about ten days after the incident, they did report it to law enforcement.

***

{¶ 10} In the present case, Mr. Kouns was initially charged with the same five counts as Mr. Lawless. Mr. Kouns pleaded guilty to felonious assault and the four other charges were dismissed. He received a two-year sentence, which he was serving at the time of the trial. On cross-examination, he admitted that he thought he might get a thirty-year sentence if he was convicted of all five charges.

{¶ 11} Mr. Kouns was also indicted and pleaded guilty in an Ashland County case, but he had not been sentenced in that case at the time of the trial in the present case. During his direct-examination, the prosecutor showed Mr. Kouns an exhibit which he identified as his indictment in Ashland County. The prosecutor then inquired, "so, you've been indicted out of Ashland County for a case involving activity in which you participated in with Richard Lawless?" Mr. Kouns responded, "I'd rather not say, because of the pending case." Later, the prosecutor inquired if Mr. Kouns had been offered a plea deal or any assistance in his Ashland County case in consideration of his testimony in the Wayne County case. Mr. Kouns answered that he had not.

{¶ 12} On cross-examination, defense counsel asked Mr. Kouns if he had pleaded guilty in Ashland County. Mr. Kouns responded, "[a]t this point in time, yes." Defense counsel attempted to inquire further into the details of the Ashland County case. The trial court disallowed it noting, "he hasn't been convicted yet [and] he could withdraw his plea." Defense counsel proffered, "the purpose of these questions is to produce testimony from this witness that he was indicted on twenty[-]one counts of various drug offenses in Ashland County and he has plead[ed] guilty to five of those counts and no matter which way you slice it, that's some kind of a deal, he got five from twenty[-]one." The prosecutor did not object to having the exhibit, which had a copy of Mr. Kouns's plea attached, submitted to the jury.

*State v. Lawless*, 2018-Ohio-444, ¶¶ 2-4, 10-12, 2018 WL 709069 at *1-2 (Ohio App. Ct. 2018);

(ECF Doc. 6-1, pp. 112-13, 114-15.)

## II.    Procedural Background

### A.    State Court Conviction

In June 2015, the Wayne County Grand Jury indicted Mr. Lawless on two counts of kidnapping (R.C. §2905.01(B)(2)) (Counts 1- 2), one count of felonious assault (R.C. §2903.11(A)(2)), and two counts of abduction (R.C. §2905.02(A)(2)) (Counts 4-5).  (ECF Doc. 6-1, pp. 5-7.)  Mr. Lawless plead not guilty to the charges on July 22, 2015. (*Id.* at p. 7.)

On July 29, 2015, Mr. Lawless filed a request for discovery asking the State to produce information and documents, including any record of prior felony convictions within the prosecution's knowledge for witnesses who the prosecution intended to call as witnesses and evidence known to the prosecution that was favorable to Mr. Lawless and material to guilt or punishment.  (ECF Doc. 6-1, p. 8.)  The State filed discovery responses on August 3, 2015 (*id.* at

3

pp. 9-12), August 11, 2015 (*id.* at pp. 13-14), August 13, 2015 (*id.* at pp. 15-17), and August 27, 2015 (*id.* at pp. 18-19.)

On November 11, 2015, Mr. Lawless's appointed counsel filed a motion to withdraw, citing an ethical conflict with continued representation.  (ECF Doc. 6-1, p. 20.)  The trial court granted the motion to withdraw and appointed new counsel to represent Mr. Lawless.  (*Id.* at p. 21.)  On December 3, 2015, Mr. Lawless's new counsel filed a discovery request.  (*Id.* at pp. 23-24.)  In response, the State filed discovery responses on March 9, 2016 (*id.* at pp. 24-25), March 18, 2016 (*id.* at pp. 26-27), March 24, 2016 (*id.* at pp. 28-30), April 1, 2016 (*id.* at pp. 31-32, 33-34, 35-36).  On March 10, 2016, Mr. Lawless filed a Notice of Alibi, indicating that he may offer evidence that he was with Sarah Krupansky at a hotel in Seville, Ohio at the time of the alleged offenses.  (*Id.* at p. 37.)

After a jury trial conducted on April 4-5, 2016, the jury returned guilty verdicts against Mr. Lawless on all counts as charged in the indictment.  (ECF Doc. 6-1, pp. 38, 519; ECF Doc. 6-2.)  On April 6, 2016, the trial court merged the abduction and kidnapping convictions and sentenced Mr. Lawless to ten years in prison on each of the two counts of kidnapping and seven years in prison on the felonious assault count.  (ECF Doc. 6-1, p. 38.)  The trial court ordered the two kidnapping convictions to be served concurrently with each other and consecutive to the sentence for felonious assault, for an aggregate prison term of seventeen years.  (*Id.*)

**B.    Direct Appeal**

On May 6, 2016, Mr. Lawless's new appellate counsel filed a timely notice of appeal with the Ninth District Court of Appeals.  (ECF Doc. 6-1, p. 40.)  In his March 27, 2017 appellate brief (*id.* at pp. 41-77), he raised the following three assignments of error:

1.    The trial court erred in unduly restricting the appellant's cross-examination of a key prosecution witness, thereby denying his right to Confrontation.

4

2.    The failure of defense counsel to object to fairly prejudicial evidence and request appropriate jury instructions denied the appellant his right to effective assistance of counsel.

3.    The verdicts are against the manifest weight of the evidence.

(*id*. at pp. 45, 54-73).  The State filed its brief on May 5, 2017.  (*Id.* at pp. 78-101.)  On May 15, 2017, Mr. Lawless filed a reply brief.  (*Id.* at pp. 102-11.)  On February 5, 2018, the Ninth District Court of Appeals issued its decision and journal entry overruling Mr. Lawless's assignments of error and affirming the trial court's judgment (*id.* at pp. 112-24) which was journalized on February 7, 2018 (*id.* at p. 112).

On March 16, 2018, Mr. Lawless, through counsel, filed a notice of appeal with the Supreme Court of Ohio (ECF Doc. 6-1, pp. 125-39) and a memorandum in support of jurisdiction (*id.* at pp. 140-55).  Mr. Lawless presented the following two propositions of law:

1.    A defendant's right to confrontation is violated if the trial court precludes defense counsel from questioning a state witness about whether that witness procured or hoped to procure a favorable recommendation from State prosecutors regarding witness' pending sentencing in another jurisdiction.

2.    The cumulative failures of defense counsel to object to unfairly prejudicial testimony, and request limiting instructions relating to other charges not before the jury deprives a defendant of his right to the effective assistance of counsel.

(*Id*. at pp. 141, 146-54.)  The State filed a Waiver of Memorandum in Response.  (*Id*. at p. 156.) The Supreme Court of Ohio declined to accept jurisdiction on May 23, 2018.  (*Id*. at p. 157.)

**C.    First Post-Conviction Petition**

On July 13, 2017, Mr. Lawless filed a pro se post-conviction petition for a new trial in the trial court.  (ECF Doc. 6-1, pp. 158-95.)  He raised the following grounds for relief:

1.    Witness Intimidation and Witness Tampering of Michael Kouns in violation of ORC Ann. 2921.04 (2017) "Intimidation of attorney, victim, or witness in criminal case" and Intentional disregard of court's order of separation of witnesses by Prosecutor Ms. Boyer and Medina County Drug Task Force Officer Tadd Davis in Violation of due process violation under the U.S.

Const. Amend. XIV. See Exhibits 1 & 5.

2.      False evidence, including false testimony by Michael Kouns that he was not offered help in exchange for his testimony during the trial of Richard Lawless in Wayne County, Ohio in Violation of due process violation under U.S. Const. amend. XIV, Brady v. Maryland, 373 U.S. 83, 83. S.Ct. 1194, 10 L. Ed.2d 215 (1963) and ORC Ann. 2945.79(A)(B)(2026) (Exhibits 1 & 5).

3.      False evidence, including false testimony by Michael Kouns as uncorrected by Prosecutor Ms. Boyer on the stand during the trial of Richard Lawless in Wayne County, Ohio in Violation of due process violation under U.S. Const. amend. XIV, Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L. Ed.2d 215 (1963) and ORC Ann. 2945.79(A)(B)(2016) (Exhibits 1& 5).

4.      False evidence, including false testimony by Michael Kouns as uncorrected by . . . Medina Drug Task Force Officer Tadd Davis on the stand during the trial of Richard Lawless in Wayne County, Ohio in Violation of due process violation under U.S. Const. amend. XIV, Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed.2d 215 (1963) and ORC Ann. 2945.79(A) (2016) (Exhibits 1 & 5).

5.      False evidence, including false testimony by Sara Donahue on the stand during the trial of Richard Lawless in Wayne County, Ohio in Violation of due process violation under U.S. Const. amend. XIV, Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed.2d 215 (1963) and ORC Ann. 2945.79(A)(B) (2016) (Exhibit 1).

6.      False evidence, including false testimony by Sara Donohue as uncorrected by Prosecutor Ms. Boyer on the stand during the trial of Richard Lawless in Wayne County, Ohio in Violation of due process violation under U.S. Const. amend. XIV, Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed.2d 215 (1963) and ORC Ann. 2945.79(A)(B) (2016).

7.      False evidence, including false testimony by Sara Donohue as uncorrected by Medina Drug Task Force Officer Tadd Davis on the stand during the trial of Richard Lawless in Wayne County, Ohio in Violation of due process violation under U.S. Const. amend. XIV, Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 11945 10 L. Ed.2d 215 (1963) and ORC Ann. 2945.79(A) (2016) (Exhibit 1).

8.      False evidence, including false testimony by Medina Drug Task Force Agent Tadd Davis on the stand during the trial of Richard Lawless in Wayne County, Ohio in Violation of due process violation under U.S. Const. amend. XIV, Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed.2d 215 (1963) and ORC Ann. 2945. 79(A)(F) (2016) (Exhibits 1, 2, 3, 4 & 5).

6

9.      False evidence and False Testimony of State's Witness Medina County Drug Task Force Agent Tadd Davis as uncorrected by Prosecutor Ms. Boyer during the trial of Richard Lawless in Wayne County, Ohio in Violation of due process violation under U.S. Const. amend. XIV, Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed.2d 215 (1963) and ORC Ann. 2945.79(A)(F) (2016) (Exhibits 1, 2, 3, 4 & 5).

10.     Raymond Krupansky offered tainted testimony in exchange for a plea agreement on his charges in Ashland County in violation of due process under U.S. Const. amend. XIV, Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194, 10 L.Ed.2d 215 (1963) and ORC Ann. 2945.79(A) (2016).

11.     Raymond Krupansky's false testimony uncorrected by Prosecutor Ms. Boyer- Raymond Krupansky offered tainted testimony in exchange for a plea agreement on his charges in Ashland County in violation of due process under U.S. Const. amend. XIV, Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194, 10 L.Ed.2d 215 (1963) and ORC Ann. 2945.79(A) (2016).

12.     Raymond Krupansky's false testimony uncorrected by Medina County Task Force Officer Tadd Davis- Raymond Krupansky offered tainted testimony in exchange for a plea agreement on his charges in Ashland County in violation of due process under U.S. Const. amend. XIV, Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L. Ed.2[d] 215 (1963) and ORC Ann. 2945.79(A) (2016). see Exhibit #6.

13.     False evidence and testimony by Prosecutor Ms. Boyer- Prosecutor Ms. Boyer knew and actively participated in the offer of assistance to Michael Kouns in exchange for his testimony at the Wayne County trial of Richard Lawless. This fact was not presented to the jury, the court, or the defense.

14.     False Statements by Prosecutor Ms. Boyer to the Court during Proffer and to the Jury during Closing Arguments- Due to the false statement of the Prosecutor Ms. Boyer to the court during Proffer, that key prosecution witness Michael Kouns was not offered help in exchange for his testimony, the defense was restricted in cross examination of Kouns by the court, this denied Lawless's right to Confrontation in violation of the Sixth Amendment to the U.S. Constitution and Section 10, Article 1, Ohio Constitution which both guarantee all criminal defendants the right to confront the witnesses against them.

15.     Sarah Krupansky, the Defendant's alibi, was threatened and intimidated in direct violation of ORC Ann. 2921.04 (2017) "Intimidation of attorney, victim or witness in criminal case", into not testifying in the Wayne County trial for defendant causing a violation of due process violation under U.S. Const. amend. XIV, Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194, 10 L.

Ed.2d 215 (1963) and ORC Ann. 2945.79(F) (2016) (see ELMA BANKS, JR, Petitioner- Appellee v. RICK THALER, Director, Texas Department of Criminal Justice, Correctional Institutions Division, Respondent-Appellant, 08-70019, UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT, 583 F.3d 295; 2009 U.S. App. LEXIS 20827) (Exhibit 2 - Affidavit of Sarah Krupansky).

16a.    Professional Misconduct to the extent that the jury cannot intelligently weigh the tainted testimonies and evidence to make a[n] untainted ruling of innocence or guilt of the defendant in violation of Ohio Professional Conduct Rule 8.4 (2016).

16b.    It was later discovered after a review of the transcripts, Affidavit of Kim Gorbett (Exhibit 1) and the letter from Michael Kouns (Exhibit 5) that Prosecutor Ms. Boyer used leading questions to solicit false testimony to hide from the jury the offers of help to Michael Kouns and Sara Donohue in violation Ohio Rules Of Evidence Article VI. Witnesses Ohio Evid. R. 611 (C) (2017) and used leading questions when questioning Raymond Krupansky to solicit a change in testimony.

(*Id*. at pp. 178-90.)  Mr. Lawless then filed a motion for evidentiary hearing on August 14, 2017.

(*Id*. at pp. 196-98.)  On September 13, 2017, the State filed a motion to dismiss Mr. Lawless's petition.  (*Id*. at pp. 199-228.)  On September 19, 2017, the trial court granted the State's motion to dismiss, indicating the court would file its entry of dismissal after the State filed proposed findings of fact and conclusions of law.  (*Id*. at p. 229.)  The order granting the motion to dismiss was journalized on September 20, 2017.  (*Id*.)  On November 15, 2017, Mr. Lawless filed a request to reconsider the decision granting the State's motion to dismiss.  (*Id*. at pp. 230-31.)

On November 28, 2017, the trial court entered its judgment entry dismissing Mr. Lawless's petition for post-conviction relief with findings of fact and conclusions of law.  (ECF Doc. 6-1, pp. 232-38.)  As to Mr. Lawless's first ground for relief, alleging witness intimidation and witness tampering of Mr. Kouns, the trial court found the petition "devoid of credible material evidence supporting [Mr. Lawless's] claims . . . when viewed in light of the record" and that no prejudice was shown.  (*Id*. at p. 234.)  As to Mr. Lawless's second through fourteenth

grounds for relief, which alleged the presentation of false evidence and/or false testimony at trial by various witnesses, the trial court found the claims were primarily based on an affidavit from Ms. Gorbett that related to matters beyond her personal knowledge and was based largely on hearsay, and that the claims "lack[ed] sufficient credible evidence to support [Mr. Lawless's] claims . . . when viewed in light of the record." (*Id*. at pp. 234-35.)  As to Mr. Lawless's fifteenth ground for relief, which alleged witness intimidation as to Ms. Krupansky, the trial court found no substantive grounds to support the claim because Ms. Krupansky appeared with counsel at Mr. Lawless's trial, asserted her Fifth Amendment privilege, and refused to answer questions, and because Ms. Krupansky's affidavit, which Mr. Lawless relied upon to support the claim of intimidation, lacked credibility. (*Id*. at p. 236.)  Finally, as to Mr. Lawless's sixteenth ground for relief, which alleged prosecutorial misconduct, the trial court found the claims were precluded by res judicata and that "the complained of leading questions present[ed] no constitutional infirmity cognizable in a petition for post-conviction relief." (*Id*. at pp. 236-37.)

On December 26, 2017, Mr. Lawless, through counsel, filed a notice of appeal of the trial court's dismissal of his post-conviction petition with the Ninth District Court of Appeals. (ECF Doc. 6-1, pp. 239-40.)  In the merits brief he filed on March 19, 2018 (*id*. at pp. 241-70), Mr. Lawless raised the following two assignments of error:

1.      The State's failure to provide details of witness' incentive to testify violated <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).

2.      The trial court erred by failing to hold an evidentiary hearing as the affidavits provided in a Petitioner's Motion to Vacate filed pursuant to R.C. §2953.21 establish a meritorious issue.

(*Id*. at pp. 244, 253-61.)  The State filed a brief in response on April 30, 2018. (*Id*. at pp. 271-99.)  On July 30, 2018, the Ninth District Court of Appeals overruled Mr. Lawless's assignments of error and affirmed the trial court's judgment. (*Id*. at pp. 300-03.)  The decision was

journalized on August 1, 2018.  (*Id*. at p. 300.)  In its decision, the court of appeals declined to

consider the merits of Mr. Lawless's first assignment of error.  (*Id*. at p. 301.)  In overruling the

first assignment of error, the court of appeals found that the trial court did not have jurisdiction to

consider the petition and did not err in denying the petition because Mr. Lawless's post-

conviction petition was not timely filed, and Mr. Lawless had not argued that an exception

applied to allow for the untimely filing.  (*Id*. at pp. 301-02.)  In light of its ruling as to the first

assignment of error, the court of appeals declined to address his second assignment of error on

the basis that it was moot.  (*Id*. at pp. 302-03.)

On September 11, 2018, Mr. Lawless filed a pro se notice of appeal with the Supreme

Court of Ohio (ECF Doc. 6-1, pp. 304-06) and memorandum in support of jurisdiction (*id*. at pp.

307-30).  In his memorandum in support of jurisdiction, Mr. Lawless presented the following

propositions of law:

1.  The state's failure to provide details of witness' incentive to testify violated
    Brady v. Maryland, 373 U.S. 83 (1963).

2.  The trial court erred by failing to hold an evidentiary hearing as the
    affidavits provided in a Petitioner's Motion to Vacate filed pursuant to R.C.
    §2953.21 establish a meritorious issue.

3.  Should a Defendant be time barred from filing Post Conviction when the
    prosecution discloses evidence it withheld for over one year after
    transcription of the proceedings?

(*Id*. at pp. 312-24.)  The State filed a Waiver of Memorandum in Response on October 1, 2018.

(*Id*. at p. 331.)  On November 21, 2018, the Supreme Court of Ohio declined to accept

jurisdiction of the appeal.  (*Id*. at p. 332.)

**D.    Successive Post-Conviction Petition**

On November 14, 2019, Mr. Lawless filed two pro se post-conviction petitions for a new

trial in the trial court.  (ECF Doc. 6-1, pp. 333-50, 351-88, 517.)  He also filed a motion for

evidentiary hearing (*id.* at pp. 389-91) and motion for appointment of counsel (*id.* at pp. 392-93) on November 14, 2029.

In Mr. Lawless's second post-conviction petition, he addressed the issue of the untimeliness of his petition.  (ECF Doc. 6-1, p. 334.)  He argued that he could not have filed his post-conviction petition within the 365-day time limit because affidavits he asserted supported his claims for relief were not in existence until after the expiration of that period.  (*Id.* at p. 334.) He raised the following grounds for relief:

1.  The State's failure to provide details of witness' incentive to testify violated <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).

2.  A defendant's right to confrontation is violated if the trial court precludes defense counsel from questioning a state witness about whether that witness procured or hoped to procure a favorable recommendation from State prosecutors regarding the witness' pending sentencing in another jurisdiction.

3.  False evidence, including false testimony by Michael Kouns as uncorrected by Prosecutor Boyer on the stand during the trial of Richard Lawless in Wayne County, Ohio in violation of due process violation under U.S. Const. Amend. XIV, <u>Brady v. Maryland</u>, 373 U.S. 83, 83 S. Ct. 1194, 101 Ed. 2d 215 (1963) and ORC Ann. §2945.79(A)(B) (2016).

4.  Witness Intimidation and Witness Tampering of Michael Kouns in violation of ORC Ann. §2921.04 (2017).

5.  Intimidation of Defense Witness and Alibi Sarah Krupansky.

(*Id*. at pp. 348-49.)

Mr. Lawless's third post-conviction petition appears to be a refiling of his first post-conviction petition (*compare* ECF Doc. 6-1, pp. 158-95 *with* Tr. 351-88; *see also id.* at p. 388 (reflecting a certificate of service date of June 2017 for the third post-conviction petition that was filed on November 14, 2019)), and raises the following grounds for relief:

1.  Witness Intimidation and Witness Tampering of Michael Kouns in violation of ORC Ann. 2921.04 (2017) "Intimidation of attorney, victim, or witness

11

in criminal case" and Intentional disregard of court's order of separation of witnesses by Prosecutor Ms. Boyer and Medina County Drug Task Force Officer Tadd Davis in Violation of due process violation under the U.S. Const. Amend. XIV. See Exhibits 1 & 5.

2.   False evidence, including false testimony by Michael Kouns that he was not offered help in exchange for his testimony during the trial of Richard Lawless in Wayne County, Ohio in Violation of due process violation under U.S. Const. amend. XIV, Brady v. Maryland, 373 U.S. 83, 83. S.Ct. 1194, 10 L. Ed.2d 215 (1963) and ORC Ann. 2945.79(A)(B)(2026) (Exhibits 1 & 5).

3.   False evidence, including false testimony by Michael Kouns as uncorrected by Prosecutor Ms. Boyer on the stand during the trial of Richard Lawless in Wayne County, Ohio in Violation of due process violation under U.S. Const. amend. XIV, Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L. Ed.2d 215 (1963) and ORC Ann. 2945.79(A)(B)(2016) (Exhibits 1& 5).

4.   False evidence, including false testimony by Michael Kouns as uncorrected by . . . Medina Drug Task Force Officer Tadd Davis on the stand during the trial of Richard Lawless in Wayne County, Ohio in Violation of due process violation under U.S. Const. amend. XIV, Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed.2d 215 (1963) and ORC Ann. 2945.79(A) (2016) (Exhibits 1 & 5).

5.   False evidence, including false testimony by Sara Donahue on the stand during the trial of Richard Lawless in Wayne County, Ohio in Violation of due process violation under U.S. Const. amend. XIV, Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed.2d 215 (1963) and ORC Ann. 2945.79(A)(B) (2016) (Exhibit 1).

6.   False evidence, including false testimony by Sara Donohue as uncorrected by Prosecutor Ms. Boyer on the stand during the trial of Richard Lawless in Wayne County, Ohio in Violation of due process violation under U.S. Const. amend. XIV, Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed.2d 215 (1963) and ORC Ann. 2945.79(A)(B) (2016).

7.   False evidence, including false testimony by Sara Donohue as uncorrected by Medina Drug Task Force Officer Tadd Davis on the stand during the trial of Richard Lawless in Wayne County, Ohio in Violation of due process violation under U.S. Const. amend. XIV, Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 11945 10 L. Ed.2d 215 (1963) and ORC Ann. 2945.79(A) (2016) (Exhibit 1).

8.   False evidence, including false testimony by Medina Drug Task Force Agent Tadd Davis on the stand during the trial of Richard Lawless in Wayne

County, Ohio in Violation of due process violation under U.S. Const. amend. XIV, Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed.2d 215 (1963) and ORC Ann. 2945. 79(A)(F) (2016) (Exhibits 1, 2, 3, 4 & 5).

9. False evidence and False Testimony of State's Witness Medina County Drug Task Force Agent Tadd Davis as uncorrected by Prosecutor Ms. Boyer during the trial of Richard Lawless in Wayne County, Ohio in Violation of due process violation under U.S. Const. amend. XIV, Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed.2d 215 (1963) and ORC Ann. 2945.79(A)(F) (2016) (Exhibits 1, 2, 3, 4 & 5).

10. Raymond Krupansky offered tainted testimony in exchange for a plea agreement on his charges in Ashland County in violation of due process under U.S. Const. amend. XIV, Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed.2d 215 (1963) and ORC Ann. 2945.79(A) (2016).

11. Raymond Krupansky's false testimony uncorrected by Prosecutor Ms. Boyer- Raymond Krupansky offered tainted testimony in exchange for a plea agreement on his charges in Ashland County in violation of due process under U.S. Const. amend. XIV, Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194, 10 L.Ed.2d 215 (1963) and ORC Ann. 2945.79(A) (2016).

12. Raymond Krupansky's false testimony uncorrected by Medina County Task Force Officer Tadd Davis- Raymond Krupansky offered tainted testimony in exchange for a plea agreement on his charges in Ashland County in violation of due process under U.S. Const. amend. XIV, Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L. Ed.2[d] 215 (1963) and ORC Ann. 2945.79(A) (2016). see Exhibit #6.

13. False evidence and testimony by Prosecutor Ms. Boyer- Prosecutor Ms. Boyer knew and actively participated in the offer of assistance to Michael Kouns in exchange for his testimony at the Wayne County trial of Richard Lawless. This fact was not presented to the jury, the court, or the defense.

14. False Statements by Prosecutor Ms. Boyer to the Court during Proffer and to the Jury during Closing Arguments- Due to the false statement of the Prosecutor Ms. Boyer to the court during Proffer, that key prosecution witness Michael Kouns was not offered help in exchange for his testimony, the defense was restricted in cross examination of Kouns by the court, this denied Lawless's right to Confrontation in violation of the Sixth Amendment to the U.S. Constitution and Section 10, Article 1, Ohio Constitution which both guarantee all criminal defendants the right to confront the witnesses against them.

15. Sarah Krupansky, the Defendant's alibi, was threatened and intimidated in direct violation of ORC Ann. 2921.04 (2017) "Intimidation of attorney,

13

victim or witness in criminal case", into not testifying in the Wayne County trial for defendant causing a violation of due process violation under U.S. Const. amend. XIV, Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed.2d 215 (1963) and ORC Ann. 2945.79(F) (2016) (see ELMA BANKS, JR, Petitioner- Appellee v. RICK THALER, Director, Texas Department of Criminal Justice, Correctional Institutions Division, Respondent-Appellant, 08-70019, UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT, 583 F.3d 295; 2009 U.S. App. LEXIS 20827) (Exhibit 2 - Affidavit of Sarah Krupansky).

16a.    Professional Misconduct to the extent that the jury can not intelligently weigh the tainted testimonies and evidence to make a[n] untainted ruling of innocence or guilt of the defendant in violation of Ohio Professional Conduct Rule 8.4 (2016).

16b.    It was later discovered after a review of the transcripts, Affidavit of Kim Gorbett (Exhibit 1) and the letter from Michael Kouns (Exhibit 5) that Prosecutor Ms. Boyer used leading questions to solicit false testimony to hide from the jury the offers of help to Michael Kouns and Sara Donohue in violation Ohio Rules Of Evidence Article VI. Witnesses Ohio Evid. R. 611 (C) (2017) and used leading questions when questioning Raymond Krupansky to solicit a change in testimony.

(*Id*. at pp. 371-83.)  On December 3, 2019, the trial court denied Mr. Lawless's November 14, 2019 petition for post-conviction relief.[2]  (*Id*. at p. 394.)

On December 26, 2019, Mr. Lawless filed a pro se notice of appeal from the trial court's December 3, 2019 denial of his November 14, 2019 petition for post-conviction relief.  (ECF Doc. 6-1, p. 395.)  In his March 2, 2020 appellate brief (*id.* at pp. 396-432), Mr. Lawless presented the following assignments of error:

1.    The State's failure to provide details of witness' incentive to testify violated Brady v. Maryland, 373 U.S. 83 (1963).

2.    A defendant's right to confrontation is violated if the trial court precludes defense counsel from questioning a state witness about whether that witness procured or hoped to procure a favorable recommendation from State

---

[2] While the record, as summarized above, reflects that there were two post-conviction petitions filed on November 14, 2019 (ECF Doc. 6-1, pp. pp. 333-50, 351-88, 517), the trial court's denial Mr. Lawless's successive request for post-conviction relief and later notices of appeal and rulings relating to Mr. Lawless's appeal from that denial refer to a single successive post-conviction petition.  Accordingly, the undersigned will also refer to Mr. Lawless's November 14, 2019 successive requests for post-conviction relief in the singular.

prosecutors regarding the witness' pending sentencing in another jurisdiction.

3.      False evidence, including false testimony by Michael Kouns as uncorrected by Prosecutor Boyer on the stand during trial of Richard Lawless in Wayne County, Ohio in violation of due process violation under U.S. Const. Amend. XIV, <u>Brady v. Maryland</u>, 373 U.S. 83, 83 S.Ct. 1194, 101 Ed. 2d 215 (1963) and O.R.C. Ann. §2945.79(A)(B).

4.      Witness Intimidation and Witness Tampering of Michael Kouns in violation of O.R.C. Ann §2921.04 (2017).

5.      Intimidation of Defense Witness and Alibi Sarah Krupansky.

6.      If the affidavits provided in a Petitioner's Motion to Vacate filed pursuant to R.C. §2953.21 establish a meritorious issue, the trial court may not dismiss the petition without an evidentiary hearing.

(*Id*. at pp. 399, 403-19.)  On March 4, 2020, the court of appeals issued an order accepting Mr. Lawless's brief but striking an appendix attached to his brief as non-compliant.  (*Id*. at p. 433.) The State filed its brief on April 13, 2020.  (*Id*. at pp. 434-67.)  On June 30, 2020, the court of appeals affirmed the trial court's denial of Mr. Lawless's petition for post-conviction relief, finding that "Mr. Lawless did not establish that he was 'unavoidably prevented from discovery of the facts upon which' he relied in his successive petition for post-conviction relief" and the "trial court, therefore, did not have authority to consider the petition."[3]  (*Id*. at pp. 468-533.)

On August 14, 2020, Mr. Lawless filed a pro se notice of appeal (ECF Doc. 6-1, pp. 474-76) and memorandum in support of jurisdiction (*id.* at pp. 477-513) with the Supreme Court of Ohio.  In his memorandum in support of jurisdiction, Mr. Lawless set forth the following propositions of law:

1.      The state's failure to provide details of witness' incentive to testify violated *Brady v. Maryland,* 373 U.S. 83 (1963).

2.      The trial court erred by failing to hold an evidentiary hearing as the

---

[3] The decision was journalized on July 1, 2020.  (ECF Doc. 6-1, p. 468.)

affidavits provided in a Petitioner's Motion to Vacate filed pursuant to R.C. §2953.21 establish a meritorious issue.

3.    Should a Defendant be jurisdictionally barred from appealing when the prosecution discloses evidence it withheld for over one year after transcription of the proceedings?

(*Id*. at pp. 482-94.)

The State filed a Waiver of Memorandum in Response on August 27, 2020 (*id*. at p. 514), and the Supreme Court of Ohio declined to accept jurisdiction on October 13, 2020 (*id*. at p. 515).

**E.    Federal Habeas Corpus Petition**

Mr. Lawless raises four grounds for relief in his Petition:

**Ground One:** Conviction was obtained violating the 6th Amendment – confrontation clause.

**Supporting Facts:** Judge denied cross examination of key witnesses disabling his ability to obtain testimony which would perjur [sic] state witnesses who lied under oath. Witness and Prosecutor both latter [sic] admitted in affidavits they lied to court and jury.

**Ground Two:** Ineffective assistance of counsel.

**Supporting Facts:** Counsel was ineffective by not objecting to photo evidence that was modified. Also, did not object to not being permitted to cross examine key witness.

**Ground Three:** Prosecutor offered incentives to testifying witnesses and lied to court, jury and defense.

**Supporting Facts:** Prosecutor wrote affidavit admitting she offered incentive to state witness. State witness also wrote affidavit admitting he lied under oath about prosecutor[']s promises.

**Ground Four:** Witness intimidation.

**Supporting Facts:** Alibi defense witness was the sister of the alleged victim. The State of Ohio threatened and intimidated her in to not testifying for defense.

(ECF Doc. 1, pp. 5-11.)

16

### III.    Law & Analysis

**A.    Standard of Review Under AEDPA**

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996, PL 104–132, April 24, 1996, 110 Stat 1214, 110 Stat. 1214 ("AEDPA"), apply to petitions filed after the effective date of the AEDPA.  *See Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007).  "As amended by AEDPA, 28 U.S.C. § 2254 sets several limits on the power of a federal court to grant an application for a writ of habeas corpus on behalf of a state prisoner."  *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).  Under 28 U.S.C. § 2254, federal courts may "entertain only those applications alleging that a person is in state custody 'in violation of the Constitution or laws or treaties of the United States'" and in most instances, federal courts may not grant habeas relief "unless . . . the applicant has exhausted state remedies."  *Id.* (citing 28 U.S.C. §§ 2254(a), (b), (c)).  If an application for writ of habeas corpus involves a claim that was "adjudicated on the merits in State court proceedings," the application "shall not be granted" unless the adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2); *Cullen*, 563 U.S. at 181; *Harrington v. Richter*, 562 U.S. 86, 100 (2011); *Matthews v. Ishee*, 486 F.3d 883, 889 (6th Cir. 2007).  The burden of proof rests with the petitioner.  *See Cullen*, 563 U.S. at 181.

**B.** **AEDPA Statute of Limitations**

28 U.S.C. § 2244 limits the time within which a person in custody pursuant to the judgment of a state court may file a petition for a federal writ of habeas corpus, providing in relevant part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d). AEDPA's statutory tolling provision provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2). Thus, under section 2244(d)(2), the statute of limitations is tolled for as long as a properly filed application for post-conviction relief or other collateral review is pending in the state courts. *See Jurado v. Burt*, 337 F.3d 638, 640 (6th Cir. 2003). This statutory tolling continues "until the application has achieved final resolution through the State's post-conviction procedures," *Carey v. Saffold*, 536 U.S. 214, 220 (2002), and further "until the expiration of the period for further State court review, whether or not the petitioner actually seeks such review," *Holbrook v. Curtin*, 833 F.3d 612, 615 (6th Cir. 2016) (internal quotations omitted).

18

Section 2244(d)(2) does not toll the limitations period during the filing of a subsequent petition for certiorari to the United States Supreme Court because such a petition is federal and therefore "not a part of a 'State's post-conviction procedures.'" *Lawrence v. Fla.*, 549 U.S. 327, 337 (2007) (quoting 28 U.S.C. § 2244(d)(2)).  In addition, the tolling provision does not "revive the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman v. Brigano,* 346 F.3d 598, 602 (6th Cir. 2003) (internal quotations and citation omitted).  Thus, once the limitations period has expired, a "collateral petition[] can no longer serve to avoid a statute of limitations." *Id.*

In addition to statutory tolling, the AEDPA statute of limitations may be equitably tolled in appropriate circumstances.  The Supreme Court has explained that this defense "is not jurisdictional" and "does not set forth an inflexible rule requiring dismissal whenever its clock has run." *Holland v. Fla.*, 560 U.S. 631, 649 (2010) (internal quotations omitted).  Equitable tolling allows federal courts to excuse the statute of limitations bar where tolling is appropriate to "relieve hardships which, from time to time, arise from a hard and fast adherence to more absolute legal rules." *Holland*, 560 U.S. at 650 (internal quotations omitted).  There are generally two forms of equitable tolling available in this context, traditional equitable tolling and tolling based on "actual innocence."

To support traditional equitable tolling, a petitioner must show that: (1) "he has been pursuing his rights diligently"; and (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649 (internal citations and quotations omitted); *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011).  Tolling is evaluated on a case-by-case basis and must be "applied sparingly," with the petitioner retaining the "ultimate burden of persuading the court that he or she is entitled to equitable tolling." *Ata v. Scutt*, 662

19

F.3d 736, 741 (6th Cir. 2011) (internal quotations and citations omitted). "[P]ro se status and lack of knowledge of the law are not sufficient to constitute an extraordinary circumstance and to excuse . . . late filing." *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir. 2012); *see also Hall*, 662 F.3d at 750-52 (lack of transcript, pro se status and limited law library access did not warrant equitable tolling); *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) (finding "lack of legal training, [a petitioner's] poor education, or even [a petitioner's] illiteracy" are not reasons to toll the statute of limitations).

A petitioner "may also be eligible for equitable tolling if he demonstrates actual innocence, so that by refusing to consider his petition due to timeliness the court would cause a fundamental miscarriage of justice." *Patterson v. Lafler*, 455 Fed. Appx. 606, 609 (6th Cir. 2012) (citing *Murray v. Carrier,* 477 U.S. 478, 495-96 (1986)). "A valid claim of actual innocence requires 'new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Id.* (quoting *Schlup v. Delo,* 513 U.S. 298, 324 (1995)). "The evidence must demonstrate factual innocence, not mere legal insufficiency." *Id.* (citing *Bousley v. United States*, 523 U.S. 614, 623 (1998)).

## C.     The Petition Should be Dismissed as Untimely

Respondent contends that Mr. Lawless's Petition is not timely because it was not filed within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," *see* 28 U.S.C. § 2244(d)(1)(A), and further asserts that neither statutory nor equitable tolling excuse his untimely filing. (ECF Doc. 6, pp. 17-22.) In response, Mr. Lawless argues that his post-conviction petitions and appeals were all timely and his Petition was timely filed because it was filed within one year

from October 13, 2020, the date the Supreme Court of Ohio declined jurisdiction over his appeal

from the denial of his 2019 successive post-conviction petition.  (ECF Doc. 10, pp. 1-7.)  He

argues that deadlines for filing his state appeals should have been tolled and "any false time

barring claims the State attempts" should be rejected, because he requested "transcripts of his

intertwined Ashland County Case which is directly related to his claim in the case at bar" from

the Wayne County Clerk of Courts in October 2016 but never received those transcripts from

Wayne or Ashland County.  (*Id*. at p. 2.)  Finally, he argues that he should be entitled to a later

start date for the running of the statute of limitations under 28 U.S.C. § 2244(d)(1)(D) because he

"did not know key factual predicates to his appeal claims in the State Court until after the date of

2019 in which the last affidavit was given to him" (*id.* at pp. 7-8).

  For the reasons explained below, the undersigned concludes that Mr. Lawless's Petition

is untimely under §2244(d)(1)(A), and that he has not demonstrated that he is entitled to tolling

or that the running of the statute of limitations should start later under §2244(d)(1)(D).

  **1.**  **Mr. Lawless's Petition is Untimely Under §2244(d)(1)(A)**

  The Supreme Court of Ohio declined to accept jurisdiction of Mr. Lawless's direct appeal

on May 23, 2018.  (ECF Doc. 6-1, p. 157.)  Applying § 2244(d)(1)(A) to the facts of this case,

Mr. Lawless's conviction became final when the time to file his petition for certiorari with the

United States Supreme Court expired on August 21, 2018, ninety days after the Supreme Court

of Ohio declined to accept jurisdiction over Mr. Lawless's direct appeal.  *See* 28 U.S.C. §

2244(d)(1)(A) ("The limitation shall run from . . . the date on which the judgment became final

by the conclusion of *direct* review or the expiration of the time for seeking such review.")

(emphasis added).  Thus, the AEDPA statute of limitations started to run on August 22, 2018—

upon the expiration of Mr. Lawless's time to seek direct review, not time to seek *collateral*

review as Mr. Lawless suggests (ECF Doc. 10, p. 1)—and expired on August 21, 2019.  Mr. Lawless did not file his Petition until over two years later, on October 13, 2021.  (ECF Doc. 1.)  Since Mr. Lawless filed his Petition after the statute of limitations expired, the Petition is time-barred unless the statute of limitations was tolled.  The undersigned therefore turns to whether statutory or equitable tolling apply.

## 2.    Statutory Tolling Does Not Apply

Under section 2244(d)(2), the statute of limitations is tolled for as long as a properly filed application for post-conviction relief or other collateral review is pending in the state courts.  *See Jurado*, 337 F.3d at 640.  Mr. Lawless filed three post-conviction petitions (ECF Doc. 6-1, pp. 158-95, 333-50, 351-88), but the undersigned concludes that none of the petitions tolled the AEDPA statute of limitations for the Petition.

The first post-conviction petition was filed on July 13, 2017, before the one-year AEDPA statute of limitations expired (ECF Doc. 6-1, p. 158), but the state court of appeals found the petition was not timely filed (*id.* at p. 302).  In Ohio, a court may only consider an untimely or successive petition for post-conviction relief if both of the following apply:

(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.

O.R.C. § 2953.23(A)(1)(a)-(b).  Referencing this statute, the state court of appeals observed that Mr. Lawless had failed to "argue that an exception under Section 2953.23 applied" and therefore found the trial court did not err by denying the untimely petition.  (ECF Doc. 6-1, p. 302.)

The U.S. Supreme Court has explained that "a state postconviction petition rejected by the state court as untimely is not 'properly filed' within the meaning of § 2244(d)(2)."  *See Allen v. Siebert*, 552 U.S. 3, 5 (2007) (reiterating the Supreme Court's holding in *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005)).  Because the state court held that the first post-conviction petition was not timely, it was not "properly filed" under § 2244(d)(2) and cannot serve to toll AEDPA's statute of limitations.  *See Allen*, 552 U.S. at 5 ("[A] state postconviction petition rejected by the state court as untimely is not 'properly filed' within the meaning of § 2244(d)(2).").

Mr. Lawless's successive requests for post-conviction relief were filed on November 14, 2019, (ECF Doc. 6-1, pp. 333-50, 351-88), two months after the AEDPA statute of limitations expired on August 21, 2019.  Referencing the requirements of Ohio law in O.R.C. § 2953.23, the state court of appeals found that petition was untimely because Mr. Lawless "did not establish that he was 'unavoidably prevented from discovery of the facts upon which' he relied in his successive petition for post-conviction relief."  (*Id*. at p. 472.)  But even if the state court had found the petition timely, AEDPA's statutory tolling provision does not "revive the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run."  *Vroman,* 346 F.3d at 602 (internal quotations and citation omitted).  Because a "collateral petition[] can no longer serve to avoid a statute of limitations" once the limitations period has expired, *id.*, Mr. Lawless's filing of successive requests for state post-conviction relief after the statute of limitations expired under §2244(d)(1)(A) could not toll the statute of limitations.

Mr. Lawless cites to the Supreme Court of Ohio's holding in *State v. Bethel*, 167 Ohio St. 3d 362 (2022), in apparent support of a tolling argument.  (ECF Doc. 10, p. 5.)  The *Bethel* court considered whether a trial court erred in finding it lacked subject matter jurisdiction to consider a successive, untimely petition for postconviction relief under Section 2953(A)(1).  *Bethel*, 167 Ohio St.3d at 367.  The *Bethel* court held: "when a defendant seeks to assert a *Brady* claim in an untimely or successive petition for postconviction relief, the defendant satisfies the 'unavoidably prevented' requirement contained in R.C. 2953.23(A)(1)(a) by establishing that the prosecution suppressed the evidence on which the defendant relies."  *Id.* at 368.  Mr. Lawless argues that the circumstances in this case mirror *Bethel* because the State in his case withheld "impeaching evidence" from both the defense and the court, specifically evidence of State "offers of help in exchange for the testimony of Michael Kouns."  (ECF Doc. 10, p. 5.)

Mr. Lawless's reliance on *Bethel* is unavailing.  The Supreme Court of Ohio has confirmed that *Bethel* did not shift the burden to meet the requirements under O.R.C. § 2953.23(A)(1) away from the petitioner, explaining:

> a petitioner who files an untimely or successive petition for postconviction relief under R.C. 2953.21 bears the burden of showing that he was unavoidably prevented from discovering the evidence on which the petition relies. A petitioner may make the required showing either by establishing a violation under *Brady*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215, or by demonstrating that he was previously unaware of the evidence on which the petition relies and could not have discovered it by exercising reasonable diligence.

*State v. Johnson*, 173 Ohio St. 3d 592, 597 (2024).

As to the first post-conviction petition, the record establishes that Mr. Lawless did not attempt to meet his burden under O.R.C. § 2953.23, in that he did not argue that his untimely petition should be heard based on exceptions under § 2953.23.  (ECF Doc. 6-1, pp. 159, 302.)  Thus, the state court of appeals did not run afoul of the standard discussed in *Bethel* when it

determined that it need not consider the exceptions under O.R.C. § 2953.23 and concluded that the trial court did not err in denying Mr. Lawless's first petition.[4]  As to the successive state post-conviction petition in 2019, as noted above, that petition could not support statutory tolling even if it was properly found to be timely under O.R.C. § 2953.23(A)(1), because it was filed after the statute of limitations under §2244(d)(1)(A) had expired.  *See Vroman,* 346 F.3d at 602 (explaining that §2244(d)(2)'s tolling provision does not "revive the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run").

For the reasons set forth above, the undersigned concludes that Mr. Lawless's state post-conviction filings did not toll or pause the statute of limitations under §2244(d)(1)(A).  Finding no basis for statutory tolling, the undersigned turns to equitable tolling.

### 3.      Equitable Tolling Does Not Apply

Equitable tolling of the statute of limitations is available where a petitioner can show that: (1) "he has been pursuing his rights diligently"; and (2) "some extraordinary circumstance stood in his way and prevented timely filing," *Holland*, 560 U.S. at 649, or "if he demonstrates actual innocence, so that by refusing to consider his petition due to timeliness the court would cause a fundamental miscarriage of justice," *Patterson*, 455 Fed. Appx. at 606.  The undersigned will address each of these standards in turn.

### i.      Traditional Equitable Tolling

As to the traditional equitable tolling standard—requiring a showing of diligent pursuit of rights and "some extraordinary circumstance" preventing timely filing—Respondent argues that the record shows Mr. Lawless has been "dilatory, rather than diligent, in the pursuit of his claims for state relief and for federal habeas relief."  (ECF Doc. 6, p. 20.)  Highlighting the findings of

---

[4] The undersigned further notes that *Bethel* was decided after the state courts of appeals found all of Mr. Lawless's state post-conviction petitions were untimely.

25

the state court of appeals, Respondent notes that the affidavit of prosecutor Olivia Boyer cited by

Mr. Lawless in support of his claims was dated September 2017, two years before the expiration

of the AEDPA statute of limitations.  (*Id.*)  Respondent further argues that Mr. Lawless "has

asserted no reasonable circumstances outside of his control" to explain why he did not assert his

present claims in a timely-filed petition for federal habeas relief.  (*Id.*)

In response, Mr. Lawless argues that he was not aware of offers of help made to state

witnesses in exchange for testimony at trial, that he was prevented from "discovering

impeachable evidence because the Court limited Defense Cross Examination," and that he

"found out later in Affidavits about the hidden plea deals."  (ECF Doc. 10, pp. 5-6.)  He asserts

that the following affidavits show the State withheld evidence regarding offers made to testifying

witnesses, particularly Michael Kouns: (1) an affidavit from Kim Gorbett, dated January 3, 2017;

(2) an affidavit from Sarah Krupansky, dated December 18, 2016; (3) an affidavit from Michael

Kouns, dated October 28, 2019[5] (ECF Doc. 10, p. 5 (citing ECF Doc. 6-1, pp. 424-28)); and (4)

an affidavit from the prosecutor at his trial case, Oliver Boyer, filed in 2017 as part of the State's

response to his first post-conviction petition (ECF Doc. 10, p. 7; ECF Doc. 6-1, pp. 210-12).

Consistent with Respondent's arguments, three of the four affidavits Mr. Lawless relies

on to support his present claims date back to 2016 and 2017, years before the AEDPA statute of

limitations expired in 2019.  Mr. Lawless filed the affidavits of Ms. Gorbett and Ms. Krupansky

in support of his first state court post-conviction petition in August 2017 and the government

filed the affidavit of Ms. Boyer in response to that petition in September 2017.  (ECF 6-1, pp.

190, 209-12.)  Even if Mr. Lawless was not aware of the contents of the Boyer Affidavit until

September 2017, he offers no clear explanation as to why he waited over four years—until

---

[5] The affidavit is dated October 18, 2019, but was signed on October 28, 2019.  (ECF Doc. 6-1, pp. 428-29.)

October 13, 2021—to seek federal habeas relief based on the information he reportedly learned from that affidavit and the affidavits of Ms. Gorbett and Ms. Krupansky.

As to the one affidavit that post-dates the expiration of the AEDPA statute of limitations, Mr. Lawless does not explicitly state that he learned new information from this affidavit that was necessary to the claims he asserts in the Petition, nor does he identify any such new information. Instead, he simply reports that "Kouns took it upon himself to send the Petitioner a more detailed and notarized Affidavit" in October 2019, and generally asserts that he presented the affidavit with his November 2019 state post-conviction petition as "newly discovered material and impeaching evidence." (ECF Doc. 10, p. 3.) A review of his first state post-conviction petition from 2017 reflects that he already possessed a letter from Mr. Kouns stating that "he was offered help in his pending Ashland County case in exchange for his testimony in the Wayne County trial of Richard Lawless." (ECF Doc. 6-1, pp. 164, 170, 190.) Mr. Lawless has failed to show that he was diligent when he waited more than four years after filing his untimely state post-conviction petition in August 2017 to file the present Petition, and has failed to demonstrate that any "extraordinary circumstances" prevented timely filing of the Petition.[6]

Mr. Lawless also argues that his state post-conviction filings and appeals were timely filed, or that their untimely filing should have been nullified, because he requested "transcripts of his intertwined Ashland County Case which is directly related to his claim in the case at bar" from the Wayne County Clerk of Courts in October 2016 and "[t]o this day neither Wayne [n]or Ashland County have provided the Petitioner with those requested Ashland County Transcripts." (ECF Doc. 10, p. 2.) But he offers no explanation as to what additional steps he took to obtain those transcripts between 2016 and the date the Petition was filed, and he does not identify any

---

[6] Mr. Lawless has also failed to show that he was diligent when he waited another two years after receiving the 2019 Kouns Affidavit to file the present Petition.

27

"extraordinary circumstances" that prevented him from obtaining the transcripts in time to file the Petition before the statute of limitations expired.  He also offers no clear explanation as to what element of those transcripts was so necessary to the claims in the Petition that it justified waiting an additional four years to seek federal habeas relief.

Mr. Lawless also relies on the Supreme Court of Ohio's decision in *Bethel* to support his argument that he should be permitted to proceed on the merits of the Petition, specifically discussing the *Brady* analysis undertaken by the *Bethel* court.  (ECF Doc. 10, pp. 5-6.)  But the *Bethel* court analyzed and applied the Ohio statute governing consideration of untimely or successive post-conviction petitions filed in Ohio state courts.  *Bethel*, 167 Ohio St. 3d at 367-72.  That is not the legal standard before this Court.  This Court must assess instead whether Mr. Lawless has met his burden to show that: (1) "he has been pursuing his rights diligently"; and (2) "some extraordinary circumstance stood in his way and prevented timely filing."  *Holland*, 560 U.S. at 649.  Given that Mr. Lawless has clearly been in possession of the information that he asserts forms the basis for his present claims since 2017, over two years before the AEDPA statute of limitations expired and over four years before the Petition was filed, the undersigned concludes that Mr. Lawless has not met his burden to justify traditional equitable tolling.

For the reasons set forth above, the undersigned concludes that Mr. Lawless has not met his burden to demonstrate that (1) "he has been pursuing his rights diligently" and (2) "some extraordinary circumstance stood in his way and prevented timely filing."  *See Holland*, 560 U.S. at 649.  Thus, traditional equitable tolling is not appropriate in this case.

### ii.  Fundamental Miscarriage of Justice

In connection with his argument as to Ground Four, Mr. Lawless asserts that he can "demonstrate [his] actual innocence as the State threatened his Alibi witness."  (ECF Doc. 10, p.

14.)  While not raised in support of equitable tolling, the undersigned will consider his asserted "actual innocence" in the context of equitable tolling, because of Mr. Lawless's pro se status.

A petitioner may "be eligible for equitable tolling if he demonstrates actual innocence, so that by refusing to consider his petition due to timeliness the court would cause a fundamental miscarriage of justice." *Patterson*, 455 F. App'x at 609 (citing *Murray v. Carrier,* 477 U.S. 478, 495-96 (1986)).  "A valid claim of actual innocence requires 'new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Id.* (quoting *Schlup,* 513 U.S. at 324).  "The evidence must demonstrate factual innocence, not mere legal insufficiency." *Id.* (citing *Bousleys*, 523 U.S. at 623).

Mr. Lawless contends that the affidavit of Ms. Krupansky, the sister of one of the victims in the underlying case (ECF Doc. 6-1, p. 427), "sheds much light on [his] actual innocence" (*id*. at p. 14).  Her affidavit asserts she was intimidated and coerced into not testifying.  (ECF Doc. 6-1, pp. 175-76, 190.)  But the record reflects that she was called by Mr. Lawless to testify at his trial, and appeared with counsel at trial, but asserted her Fifth Amendment privilege and refused to answer any questions.  (ECF Doc. 6-1, p. 236; ECF Doc. 6-2, pp. 240-42.)   Further, the record reflects that Mr. Lawless was in possession of Ms. Krupansky's affidavit when he filed his first state post-conviction petition in 2017, two years before the AEDPA statute of limitations expired and four years before he filed the present Petition.  The state trial court found the affidavit lacked credibility and did not "overcome [Ms. Krupansky's] actual, recorded action of asserting her Fifth Amendment privilege on the advice and in the presence of counsel at trial."  (ECF Doc. 6-1, p. 236.)  Given this record, the undersigned finds that Ms. Krupansky's affidavit does not

29

constitute "new reliable evidence" sufficient to support a finding that a fundamental miscarriage of justice will occur if Mr. Lawless's untimely petition is not heard.

Additionally, Mr. Lawless may not simply demonstrate that that Ms. Krupansky's testimony would undermine the State's case against him; he must demonstrate that he factually did not commit the crime. *Hubbard v. Rewerts*, 98 F.4th 736, 743 (6th Cir. 2024). Considering the evidence, new and old, which included Mr. Lawless's co-defendant's testimony (ECF Doc. 6-2, pp. 110-35), the undersigned cannot conclude that "no reasonable juror would find [Mr. Lawless] guilty," *Hubbard*, 98 F4th at 743. Accordingly, even considering the alleged new evidence of Ms. Krupansky's affidavit, the undersigned finds that Mr. Lawless has not credibly shown his actual innocence to allow for equitable tolling of the statute of limitations.

Based on the foregoing, the undersigned finds no grounds to apply equitable tolling to extend the statute of limitations beyond August 21, 2019. Thus, Mr. Lawless's Petition is untimely under §2244(d)(1)(A) by over two years.

### 4. Mr. Lawless is Not Entitled to a Later Start Date for the Statute of Limitations Under §2244(d)(1)(D)

Mr. Lawless also argues that there are alternate "triggering" dates for the statute of limitations under § 2244(d)(1). (ECF Doc. 10, pp. 7-8.) Specifically, section 2244(d)(1)(D) provides that "[t]he limitation shall run from . . . the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." (*Id.*) Based on this provision, Mr. Lawless argues that he "did not know key factual predicates to his appeal claims in the State Court until after the date of 2019 in which the last affidavit was given to him." (*Id.*) That "last affidavit" was the affidavit from Mr. Kouns, which was dated October 28, 2019. (ECF Doc. 6-1, pp. 428-29.)

Mr. Lawless's contention that he did not know the key factual predicate of his claims until 2019 is unsupported by the record.  As discussed *supra* in Section III.C.3.i., *supra*, Mr. Lawless had three additional affidavits and a letter from Mr. Kouns which were filed with the trial court in connection with the State's motion to dismiss Mr. Lawless's 2017 post-conviction petition.  (ECF Doc. 6-1, pp. 199, 210-12.)  Although Mr. Kouns supplied an affidavit dated October 2019, Mr. Lawless has failed to demonstrate that he was without the factual predicate for his claims in 2017.  Indeed, he was aware in September 2016 that Mr. Kouns claimed he "was offered help in exchange for his testimony" (*id*. at p. 162) and, among other grounds for relief presented in his 2017 post-conviction petition, Mr. Lawless argued that:

> False evidence, including false testimony by Michael Kouns as uncorrected by Prosecutor Ms. Boyer on the stand during the trial of Richard Lawless in Wayne County, Ohio in Violation of due process violation under U.S. Const. amend. XIV, Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L. Ed.2d 215 (1963) and ORC Ann. 2945.79(A)(B)(2016) (Exhibits 1& 5).

(*id* at p. 180, Ground for Relief 3); and

> It was later discovered after a review of the transcripts, Affidavit of Kim Gorbett (Exhibit 1) and the letter from Michael Kouns (Exhibit 5) that Prosecutor Ms. Boyer used leading questions to solicit false testimony to hide from the jury the offers of help to Michael Kouns and Sara Donohue in violation Ohio Rules Of Evidence Article VI. Witnesses Ohio Evid. R. 611 (C) (2017) and used leading questions when questioning Raymond Krupansky to solicit a change in testimony.

(*id*. at p. 188, Ground for Relief 16b).  Mr. Lawless also has not shown that he could not have obtained an affidavit from Mr. Kouns earlier than October 2019.

For the reasons set forth above, the undersigned concludes that Mr. Lawless has not shown he is entitled to start the running of the one-year AEDPA statute of limitations in October 2019 under §2244(d)(1)(D).

## IV.    Recommendation

For the reasons set forth above, the undersigned recommends that the Court **DISMISS** Mr. Lawless's Petition (ECF Doc. 1) because it was not timely filed under the applicable statute of limitations.[7]

December 30, 2024

/s/ Amanda M. Knapp
AMANDA M. KNAPP
UNITED STATES MAGISTRATE JUDGE

## <u>OBJECTIONS</u>

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document.  Failure to file objections within the specified time may forfeit the right to appeal the District Court's order.  *See Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

---

[7] In light of the recommendation to dismiss the Petition as barred by the statute of limitations, it is unnecessary to consider Respondent's alternative arguments for dismissal based on procedural default or denial on the merits. (ECF Doc. 6, pp. 22-46.)